TROY A. STEWART, SBN 135764
P.O. Box 390
Glendale, California 91209-0390
Telephone: (626) 616-9474
Email: stewart1985@lawnet.ucla.edu

Attorney for Debtor and Plaintiff
PETER EMANUEL KVASSAY

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PETER EMANUEL KVASSAY,<br><br>   Debtor.<br>_____<br><br>PETER EMANUEL KVASSAY,<br><br>   Plaintiff,<br><br>   vs.<br><br>ROBERT V. KVASSAY, TRUSTEE OF THE KVASSAY FAMILY TRUST DATED FEBRUARY 26, 1993; ROBERT V. KVASSAY, an individual;<br><br>   Defendant.<br>_____ | Case No.: 2:12-bk-40267-DS<br><br>**Chapter 7**<br><br>**Adversary No. 2:16-ap-01499-DS**<br><br>**Hon. Deborah J. Saltzman**<br><br>**PLAINTIFF PETER E. KVASSAY'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:   July 11, 2017<br>TIME:    2:00 p.m.<br>PLACE: United States Bankruptcy Court<br>            Edward R. Roybal Federal Bldg.,<br>            255 E. Temple St., Courtroom 1339<br>            Los Angeles, CA 90012<br><br>**(Concurrently filed with Statement of Uncontroverted Facts and Conclusions of Law, and Declaration of Peter E. Kvassay)** |

Pursuant to FRCP 56, FRBP 7056, and Local Bankruptcy Rule ("LBR") 7056-1(b)(1), plaintiff PETER EMANUEL KVASSAY ("plaintiff") hereby moves the Court for partial summary adjudication as to the claims in his adversary complaint for a determination of the dischargeability of

debts and declaratory judgment ("motion").  Plaintiff's motion seeks a summary determination and declaration that certain pre-petition claims asserted by defendant against plaintiff as alleged in plaintiff's adversary complaint are discharged debts enumerated as follows:

(1) claims in the amounts of $212,500 and $187,200, respectively, made on the basis of a contract executed by plaintiff and defendant on January 12, 2007 referred to by the parties as the "Working Plan;"

(2) a $192,660 joint and several judgment against plaintiff dated December 12, 2012 arising from a debt incurred by plaintiff beginning October, 2010;

(3) attorney's fees' and costs of $116,805.37 paid by defendant beginning July 14, 2010 which defendant is seeking to "surcharge" against plaintiff's beneficial interest in a living trust; and

(4) loan payments of $284,114.45 paid by defendant beginning July 1, 2010 which defendant is seeking to "surcharge" against plaintiff's beneficial interest in a living trust.

Plaintiff's motion is based on the accompanying memorandum of points and authorities, his Statement of Uncontroverted Facts and Conclusions of Law filed concurrently herewith, and his

/
/
/
/

declaration filed concurrently herewith.

Dated: May 30, 2017

/s/   Troy A. Stewart
_____
TROY A. STEWART, Attorney for Plaintiff, PETER EMANUEL KVASSAY

# **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . .    6

I.    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

II.    Underlying Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

III.    Applicable Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

    A.    Discharge of a debt under 11 U.S.C. § 727(b) . . . . . . . . . . . . . . . . . .    7

    B.    Void judgment under 11 U.S.C. § 524(a)(1) . . . . . . . . . . . . . . . . . .    9

IV.    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

    A.    All claims based on the pre-petition Working
         Plan contract are discharged pre-petition debts . . . . . . . . . . . . . . .    9

    B.    The $192,660 joint and several judgment is
         A discharged pre-petition debt . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

    C.    The Attorney's Fees' and Costs' claim of
         $116,805.37 is a discharged pre-petition debt . . . . . . . . . . . . . . . . .    14

    D.    The loan payments' claim of $284,114.45
         Is a discharged pre-petition debt . . . . . . . . . . . . . . . . . . . . . . . . . .    16

V.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    17

# TABLE OF AUTHORITIES

Page

**Cases**

*California Dep't of Health Servs. v. Jensen*, 995 F.2d 925 (9th Cir.1993) . . . . . . . .  8

*In re Moreno*, 479 B.R. 553 (Bkrtcy. E.D. Cal. 2012) . . . . . . . . . . . . . . . . . . . . . . .  8

*In re Pavelich*, 229 B.R. 777 (9th Cir. BAP 1999) . . . . . . . . . . . . . . . . . . . . . . . . .  9

*In re Ybarra*, 424 F.3d 1018 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*O'Loghlin v. County of Orange*, 229 F.3d 871 (9th Cir.2000) . . . . . . . . . . . . . . . . .  8

*Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525 (9th Cir.1998) . . . . . . . . . .  8, 9


**Statutes**

| | | |
|---|---|---|
| 11 U.S.C. § 101(5)(A) | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 8, 11, 12, 14, 15, 17 |
| 11 U.S.C. § 101(12) | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 8, 11, 12, 14, 15, 17 |
| 11 U.S.C. § 523 | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 7, 8 |
| 11 U.S.C. § 524(a)(1) | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 9 |
| 11 U.S.C. § 727 | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 9 |
| 11 U.S.C. § 727(b) | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 7, 8 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Introduction

Plaintiff PETER E. KVASSAY'S adversary complaint seeks a determination of the dischargeability of debts, a declaratory judgment that the alleged debts are discharged, and injunctive relief enjoining the defendants from pursuing the discharged debts. (Docket no. 1 [Adversary complaint, ¶¶ 36-45].) Plaintiff's motion seeks an order determining and declaring that several debts alleged in plaintiff's complaint (see complaint ¶¶ 20-35) are discharged debts, including two claims based on a pre-petition contract executed by plaintiff, a post-petition state court judgment against plaintiff arising from a pre-petition claim, and two pre-petition state court claims against plaintiff's beneficial interest in a living trust. Plaintiff's motion does *not* affect plaintiff's claim for injunctive relief.

## II.    Underlying Facts

Plaintiff-debtor Peter E. Kvassay ("plaintiff") is a principal beneficiary under the Kvassay Family Trust dated February 26, 1993 (the "Trust"). (Uncontroverted Fact ["UF"] no. 1.[1]) Since January 12, 2007, defendant Robert Kvassay ("Robert") has been the trustee of the Trust. (UF no. 2.[2])

---

[1] Declaration of Peter E. Kvassay ("Kvassay Dec."), ¶ 2; Ex. A.)

[2] Kvassay Dec., ¶ 2.

The Trust's last settlor, Emanuel Kvassay, died on October 11, 2006. (UF no. 3.[3]) The Trust is irrevocable. (UF no. 4.[4])

The Trust was *not* modified prior to Emanuel Kvassay's death. (UF no. 5.[5]) The Trust does *not* provide that it may be modified. (UF no. 6.[6]) The beneficiaries of the Trust have never petitioned the probate court to modify the Trust. (UF no. 7.[7]) The Trust does *not* provide that the trustee or any beneficiary of the Trust may be compensated by the Trust for labor performed on behalf of or for the benefit of the Trust by the trustee or any beneficiary of the Trust. (UF no. 8.[8])

**III.    Applicable Law**

**A.    Discharge of a debt under 11 U.S.C. § 727(b)**

Pursuant to 11 U.S.C. § 727(b), "[e]xcept as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter…['Section 727(b)']." "A chapter 7 discharge relieves the debtor of personal liability for all claims or debts that arose before the filing of the petition, except for

---

[3] Kvassay Dec., ¶ 2.

[4] Kvassay Dec., ¶ 3, Ex. B.

[5] Kvassay Dec., ¶ 3.

[6] Kvassay Dec., ¶ 4, Ex. A.

[7] Kvassay Dec., ¶ 4.

[8] Kvassay Dec., ¶ 4, Ex. A.

those specified under § 523. § 727(b)." (*In re Moreno*, 479 B.R. 553, 564 (2012).)

A "debt" is defined as a "liability on a claim," 11 U.S.C. § 101(12),[9] and a "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." (11 U.S.C. § 101(5)(A).[10]) "This 'broadest possible definition' of 'claim' is designed to ensure that 'all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case.'" (*California Dep't of Health Servs. v. Jensen*, 995 F.2d 925, 929 (9th Cir.1993) (citation omitted).)

In a chapter 7 case, the question of whether a particular debt falls within the discharge depends on when the claim arose. (*Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 532 (9th Cir.1998).) The answer to that question is controlled by federal law. (*Id.*, (citations omitted).) "A claim arises, for purposes of discharge in bankruptcy, at the time of the events giving rise to the claim, not at the time plaintiff is first able to file suit on the claim." (*In re Ybarra*, 424 F.3d 1018, 1022-223 (9th Cir. 2005) (citing *O'Loghlin v. County of* Orange, 229 F.3d 871, 874 (9th Cir. 2000)).)

> "If the claim arises out of a contract, the claim ordinarily arises at the time the parties execute the contract, not when a subsequent contingency triggering the claim occurs. [Citation omitted.] … Therefore, even if a claim arising out of a pre-petition contract does not accrue or mature until after the petition date, that

---

[9] Section 101(12).

[10] Section 101(5)(A).

claim still constitutes a debt arising pre-petition and is subject to the discharge."

(*Siegel*, *supra*, 143 F.3d at 532-33.)

### B.   Void judgment under 11 U.S.C. § 524(a)(1)

Under 11 U.S.C. § 524(a)(1), "[a] discharge in a case under this title … voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under [§ 727], whether or not discharge of such debt is waived[.]"  Pursuant to § 524(a)(1), all judgments purporting to establish a debtor's personal liability on a discharged debt are not voidable but void ab initio.  (*In re Pavelich*, 229 B.R. 777, 782.)

### IV.   Argument

#### A.   All claims based on the pre-petition Working Plan contract are discharged pre-petition debts

On January 12, 2007, plaintiff executed a written agreement with Robert and his brother Richard Kvassay ("Richard") entitled "Working Plan for Execution of Kvassay Family Trust" under the terms of which plaintiff, Richard, and Robert agreed to cleanup, repair, and sell real property located at 1554 Hill Drive, Los Angeles ("Hill Drive") ("Working Plan").  (UF no. 9.[11])  The Working Plan states, "Robert shall be compensated in the amount of $250.00 USD per day starting

---

[11] Kvassay Dec., ¶ 5, Ex. C.

November 13th, 2006 for his physical days spent working on Hill Drive project" *and* "Per diem payments to Robert … will accumulate and be paid at time of sale of Hill Drive property." (UF no. 10.[12]) Under the terms of the Working Plan, Robert, Richard and plaintiff agreed that the per diem payments would accumulate and Robert would be paid the per diem payments from the sale proceeds of Hill Drive. (UF no. 11.[13]) To date, Hill Drive has *not* been sold. (UF no. 12.[14])

On May 7, 2010, Robert filed a verified petition in a state court probate proceeding in which he sought a determination that "the Working Plan has no legal bearing or effect on the Trust…." (UF no. 13.[15]) The verified probate petition filed by Robert on May 7, 2010, also stated that "the Working Plan expired by its terms nearly three years ago as the beneficiaries agrees [sic] to list the property by June 30, 2007." (UF no. 14.[16])

On June 20, 2013, the probate court entered an order in Los Angeles Superior Court case no. BP 122477 ("probate case") awarding Robert $221,000 under the terms of the Working Plan ("Working Plan judgment"). (UF no. 24.[17])

On October 1, 2013, Robert filed a trustee's account in the probate case ("trustee's account")

---

[12] Kvassay Dec., Ex. C.

[13] Kvassay Dec., ¶ 6, Ex. C.

[14] Kvassay Dec., ¶ 6.

[15] Kvassay Dec., ¶ 7, Ex. D.

[16] Kvassay Dec., ¶ 7, Ex. D.

[17] Kvassay Dec., ¶ 10.

in which he is making a claim for an additional $187,200 under the terms of the Working Plan ("Working Plan claim"). (UF no. 25.[18]) The trustee's account is supported by a declaration filed by Robert on October 1, 2013 ("Robert's declaration"), in which Robert states in paragraph 4 as follows:

> "I am requesting to be reimbursed a total of $180,000.00 for the per diem work pursuant to the Working Plan. Per the Working Plan which all parties previously agreed to, I am to be paid at $250.00 per day. I have spent 240 working days per year renovating the Hill Street property. In addition, I have been paying $10.00 per day on food for the workers at the Hill Street property. I am asking an additional $7,200 for that expense. The total amount I am requesting under the working plan is $187,200."

(UF no. 26.[19])

On August 5, 2015, the California Court of Appeal in case no. B250855 directed the probate court to reduce the Working Plan judgment to $212,500. (UF no. 32.[20])

A "debt" is defined as a "liability on a claim" (11 U.S.C. § 101(12)) and a "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." (11 U.S.C. § 101(5)(A).) Under the terms of the Working Plan, "Robert shall be compensated in the

---

[18] Kvassay Dec., ¶ 11.

[19] Kvassay Dec., ¶ 11, Ex. G.

[20] Kvassay Dec., ¶ 16.

amount of $250.00 USD per day starting November 13th, 2006 for his physical days spent working on Hill Drive project" *and* "Per diem payments to Robert … will accumulate and be paid at time of sale of Hill Drive property." (UF no. 10.[21]) Robert's right to be "compensated" under the terms of the Working Plan is a "right to payment" and therefore a "claim" under section 101(5)(A). Plaintiff's obligation under the Working Plan (UF no. 11[22]) is a liability on Robert's claim and therefore a "debt" under section 101(12). The $212,500 Working Plan judgment *and* $187,200 claim are both based on the Working Plan executed by plaintiff on January 12, 2007 (UF nos. 24, 25, 26[23]), more than five and ½ years before plaintiff filed his bankruptcy petition on September 5, 2012. Thus, both the $212,500 Working Plan judgment *and* $187,200 claim are discharged pre-petition debts.

### B. The $192,660 joint and several judgment is A discharged pre-petition debt

On December 12, 2012, the court in the probate case entered a joint and several judgment of $192,660 against plaintiff and Richard, in favor of Robert as trustee of the Trust, based on the court's calculation that the value of their occupancy at Hill Drive from October, 2010 through May 21, 2012 was $192,660 ("joint and several judgment"). (UF no. 20.[24]) The joint and several judgment states in its entirety as follows:

---

[21] Kvassay Dec., Ex. C.

[22] Kvassay Dec., ¶ 6, Ex. C.

[23] Kvassay Dec., ¶¶ 10, 11, Ex. G.

[24] Kvassay Dec., ¶ 8, Ex. E.

> "[¶] Judgment is entered in the amount of $192,660.00, joint and severally against Richard S. Kvassay and Peter E. Kvassay.
>
> "[¶] As to the balance of funds, there shall be no further funds released pending the outcome of the Bankruptcy or further court order."

(UF no. 21.[25]) On January 24, 2013, the probate court signed and filed a document entitled "First Amended Order Re. Release of Bond" that states in part:

> "the Court finds that the fair value for use and occupancy of the trust estate property where Peter and Richard resided is $15,000 per month, less $4,600 per month for rents received, for 19½ month less 5% for diminished use and occupancy of the property, for a total due, jointly and several from Peter and Richard to Robert, as trustee of the Kvassay family trust, of $192,660."

(UF no. 23.[26])

---

[25] Kvassay Dec., ¶ 8, Ex. E.

[26] Kvassay Dec., ¶ 9, Ex. F.

Robert, as trustee of the Trust, has a "right to payment" of $192,660 from plaintiff on the basis of the joint and several judgment (UF nos. 20, 21, 23[27]) and therefore the joint and several judgment is a "claim" under section 101(5)(A). Plaintiff's obligation to pay Robert $192,660 on the basis of the joint and several judgment is a liability and therefore a "debt" under section 101(12). The claim that gives rise to the joint and several judgment, *plaintiff's monthly occupancy of Hill Drive beginning October, 2010* (UF nos. 20, 23[28]), arose almost two years before plaintiff filed his bankruptcy petition on September 5, 2012. Thus, the $192,660 joint and several judgment is a discharged pre-petition debt.

      **C.**    **The Attorney's Fees' and Costs' claim of $116,805.37 is a discharged pre-petition debt**

Subparagraph "a." of paragraph 5 of Robert's declaration filed in support of the trustee's account states as follows:

"Attorney's Fees and Costs - $116,805.37. These attorney's fees and costs are directly related to Peter's and Richard's willful malfeasance against the Trust. *I request that the Court order these costs to be surcharged against Peter and Richard Kvassay's distributive share in the Trust.*"

---

[27] Kvassay Dec., ¶¶ 8, 9, Exs. E, F.

[28] Kvassay Dec., ¶¶ 8, 9, Exs. E, F.

(UF no. 27,[29] *italics added*.) Page l of Schedule F of the trustee's account includes a heading that states "Attorney Fees and Costs Paid by Robert Kvassay from Personal Funds" under which Robert itemizes purported attorney's fees and costs paid from his personal funds *beginning July 14, 2010*. (UF no. 28.[30]) The total attorney's fees and costs stated on page 2 of Schedule F of the trustee's account is $116,805.37, the same amount stated in subparagraph "a." of paragraph 5 of Robert's declaration filed in support of the trustee's account. (UF no. 29.[31])

Robert, as trustee of the Trust, is claiming a "right to payment" of $116,805.37 in attorney's fees and costs on the basis of Schedule F of the trustee's account and his supporting declaration (UF nos. 27, 28, 29[32]) and therefore the claim for attorney's fees and costs is a "claim" under section 101(5)(A). A "surcharge" of plaintiff's "distributive share in the trust" to satisfy the claim for attorney's fees and costs (UF no. 27[33]) is a liability and therefore a "debt" under section 101(12). Page 1 of Schedule F of the trustee's account itemizes purported attorney's fees and costs paid by Robert from "personal funds" beginning *July 14, 2010* (UF no. 28[34]), more than two years before plaintiff filed his bankruptcy petition on September 5, 2012. Thus, the $116,805.37 claim for attorney's fees and costs is a discharged pre-petition debt.

---

[29] Kvassay Dec., ¶ 12, Ex. G.

[30] Kvassay Dec., ¶ 13, Ex. H.

[31] Kvassay Dec., ¶ 12, Ex. G; ¶ 13, Ex. H.

[32] Kvassay Dec., ¶ 12, Ex. G; ¶ 13, Ex. H.

[33] Kvassay Dec., ¶ 12, Ex. G.

[34] Kvassay Dec., ¶ 13, Ex. H.

**D.    The loan payments' claim of $284,114.45**

**Is a discharged pre-petition debt**

Subparagraph "e." of paragraph 5 of Robert's declaration filed in support of the trustee's account states as follows:

"Loan Payments - $284,114.45. I have continued to pay on the $1.5 million loan Richard and Peter took against the Trust. I am currently and have been paying approximately $10,800.00 per month from my own funds, to avoid a bank foreclosure on the Hill Street property. These are directly related to Peter and Richard's willful malfeasance against the Trust. *I request that the Court order these costs to be surcharged against Peter and Richard Kvassay's distributive share in the Trust.*"

(UF no. 30,[35] *italics added*.) Page 4 of Schedule F of the trustee's account includes a heading that states "Loan Payments Made by Robert Kvassay from Personal Funds" under which Robert itemizes purported loan payments paid from his personal funds *beginning July 1, 2010.* (UF no. 31.[36]) The total loan payments stated on page 4 of Schedule F of the trustee's account is $284,114.45, the same amount stated in subparagraph "e." of paragraph 5 of Robert's declaration filed in support of the trustee's account. (UF no. 32.[37])

---

[35] Kvassay Dec., ¶ 14, Ex. G.

[36] Kvassay Dec., ¶ 15, Ex. H.

[37] Kvassay Dec., ¶ 14, Ex. G; ¶ 15, Ex. H.

Robert, as trustee of the Trust, is claiming a "right to payment" of $284,114.45 in loan payments on the basis of Schedule F of the trustee's account and his supporting declaration (UF nos. 30, 31, 32[38]) and therefore the claim for loan payments is a "claim" under section 101(5)(A). A "surcharge" of plaintiff's "distributive share in the trust" to satisfy the claim for loan payments (UF no. 30[39]) is a liability and therefore a "debt" under section 101(12). Page 4 of Schedule F of the trustee's account itemizes purported loan payments paid by Robert from "personal funds" beginning *July 1, 2010* (UF no. 31[40]), more than two years before plaintiff filed his bankruptcy petition on September 5, 2012. Thus, the $284,114.45 claim for loan payments is a discharged pre-petition debt.

### V.    Conclusion

Based on the foregoing points and authorities, plaintiff PETER E. KVASSAY respectfully requests that the Court grant his motion for partial summary adjudication *and* order and declare that the debts enumerated in plaintiff's notice of motion, nos. 1-4, are discharged pre-petition debts.

Dated:  May 30, 2017

/s/  Troy A. Stewart

TROY A. STEWART, Attorney for Plaintiff, PETER EMANUEL KVASSAY

---

[38] Kvassay Dec., ¶ 14, Ex. G; ¶ 15, Ex. H.

[39] Kvassay Dec., ¶ 14, Ex. G.

[40] Kvassay Dec., ¶ 15, Ex. H.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 313 East Broadway, P.O. Box 390, Glendale, California 91209-0390

A true and correct copy of the foregoing document entitled (*specify*):

**PLAINTIFF PETER E. KVASSAY'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

was served in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 30, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

mbrown@brown-law.com

United States Trustee (LA)
ustregion16.la.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 30, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**See Attached Service List**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 30, 2017 | Troy A. Stewart | /s/  Troy A. Stewart |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**F 9013-3.1.PROOF.SERVICE**

**3.**     **Served by Personal Delivery:**

Judge Deborah J. Saltzman
Edward R. Roybal Building and Courthouse
255 Temple Street
Bin outside Suite 1639
Los Angeles, California 90012