**FILED**

**JUN 20 2017**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

MATTHEW C. BROWN / SBN: 191871
790 EAST GREEN STREET
PASADENA, CALIFORNIA 91101
TEL: 626.449.4963 / FAX: 626.449.0215
E-MAIL: MBROWN@BROWN-LAW.COM

Attorney for: Defendants,
ROBERT V. KVASSAY, TRUSTEE
OF THE KVASSAY FAMILY TRUST
DATED FEBRUARY 26, 1993 and
ROBERT V. KVASSAY, an individual

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PETER EMANUEL KVASSAY,<br><br>    Debtor.<br>_____<br>PETER EMANUEL KVASSAY,<br><br>    Plaintiff,<br><br>    vs.<br><br>ROBERT V. KVASSAY, TRUSTEE<br>OF THE KVASSAY FAMILY TRUST<br>DATED FEBRUARY 26, 1993 and<br>ROBERT V. KVASSAY, an individual;<br><br>    Respondent. | Case No.    2:12-bk-40267-DS<br><br>Chapter    7<br><br>Adv. No.    2:16-ap-01499-DS<br><br>**DEFENDANT ROBERT V. KVASSAY'S RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>Hearing Date:    June 11, 2017<br>Hearing Time:    2:00 p.m.<br><br>Hon. Deborah J. Saltzman<br>United States Bankruptcy Judge<br><br>United States Bankruptcy Court<br>Edward R. Roybal Federal Building<br>Courtroom 1639<br>255 East Temple Street<br>Los Angeles, CA 90012 |

1

RESPONSE TO STATEMENT OF FACTS / CONCLUSIONS OF LAW

ROBERT V. KVASSAY ("Trustee"), TRUSTEE OF THE KVASSAY FAMILY TRUST DATED FEBRUARY 26, 1993 (the "Trust") and ROBERT V. KVASSAY, an individual ("Robert"), (together "Defendants"), does hereby respond to the STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW (the "Statement") filed herein by PETER E. KVASSAY ("Peter" or "Plaintiff") on May 30, 2017, and alleges as follows:

1. Defendants are unable to identify any material misrepresentations by Plaintiff in the Statement with respect to "uncontroverted facts" . . . though Defendants dispute the significance of those facts in connection with these proceedings.

2. Defendants specifically dispute the "conclusions of law" asserted in the Statement.

3. Specifically, Plaintiff contends that the "Claims" identified in the motion associated with the Statement can not be adjudicated by the Probate Court, even though the Probate Court has exclusive jurisdiction over the internal affairs of the Trust (Probate Code § 17200(a)).

4. Defendants contend that the Probate Court has exclusive jurisdiction over the internal affairs of the Trust (Probate Code § 17200(a)), and that the Probate Court must resolve all accounting issues pertaining to the Trust.

5. Further, Plaintiff appears to not acknowledge that Robert is entitled to a reasonable fee for his services as Trustee of the Trust (Probate Code §§ 15681 and 17200(a)), and the fixing of that fee is a matter under the exclusive jurisdiction of the Probate Court (Probate Code § 17200(a)).

6. Defendants contend that the Probate Court has exclusive jurisdiction over the internal affairs of the Trust (Probate Code § 17200(a)), and that the Probate Court must resolve all issues pertaining to trustee fees to be paid from the Trust.

7. Further, Plaintiff appears to not acknowledge that the Trustee has a right (and obligation) to pay the administration expenses of the Trust.

8.  Defendants contend that the Probate Court has exclusive jurisdiction over the internal affairs of the Trust (Probate Code § 17200(a)), and that the Probate Court must resolve all issues pertaining to payment of Trust administration expenses.

9.  Further, Plaintiff appears to not acknowledge that Robert has a right to be reimbursed from assets of the Trust for proper Trust expenditures (Probate Code § 15684).

10. Defendants contend that the Probate Court has exclusive jurisdiction over the internal affairs of the Trust (Probate Code § 17200(a)), and that the Probate Court must resolve all issues pertaining to reimbursements for Trust expenses.

11. Further, Plaintiff appears to not acknowledge that it is presently unknown whether or not there will be any residue of the Trust, and that only when there is a final accounting for the Trust will it be known if there is a residue of the Trust.

12. Defendants contend that the Probate Court has exclusive jurisdiction over the internal affairs of the Trust (Probate Code § 17200(a)), and that the Probate Court must determine whether there is any residue of the Trust available for distribution.

13. Plaintiff appears to not acknowledge that the Probate Court may allocate fees and costs among the beneficiaries of the Trust under it's equitable powers. (Rudnick v. Rudnick (2009) 179 Cal.App.4th 1328 and Estate of Ivey (1994) 22 Cal.App.4th 873).

14. Defendants contend that the Probate Court may allocate fees and costs among the beneficiaries of the Trust under it's equitable powers. (Rudnick v. Rudnick (2009) 179 Cal.App.4th 1328 and Estate of Ivey (1994) 22 Cal.App.4th 873).

Respectfully Submitted By:

Dated: June 20, 2017

Matthew C. Brown, for Defendants, the Trustee and Robert

3

RESPONSE TO STATEMENT OF FACTS / CONCLUSIONS OF LAW

## PROOF OF SERVICE OF

1. I am over 18 years of age, not a party to this action and employed in Los Angeles County, California.

2. My business address is 790 East Green Street, Pasadena, California 91101.

3. On June 20, 2017 I served the foregoing document on Plaintiff / Moving Party by placing a copy thereof in a sealed envelope addressed as follows:

**Troy Alvord Stewart**
**P.O. Box 390**
**Glendale, CA 91209**

and deposited that envelope, with postage thereon fully paid, in the United States mail at Pasadena, California.

Further, a true and correct copy of the foregoing document will be delivered to:

**Judge Deborah J. Saltzman**
**Edward R. Roybal Building and Courthouse**
**255 Temple Street**
**Bin outside Suite 1639**
**Los Angeles, California 90012**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed by me on the date indicated below.

Dated: June 20, 2017

Matthew C. Brown