United States Bankruptcy Court
Central District of California

Kvassay,
    Plaintiff

Adv. Proc. No. 16-01499-DS

Kvassay,
    Defendant

# CERTIFICATE OF NOTICE

District/off: 0973-2         User: admin              Page 1 of 1                  Date Rcvd: Aug 16, 2017
                             Form ID: pdf031          Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 18, 2017.
aty              Mark L Russakow,    760 East Green Street,    Pasadena, CA   91101
aty             +Matthew C Brown,    Law Office of Matthew C Brown,    790 E Green St,    Pasadena, CA 91101-2118
dft             +Kvassay Family Trust,    1554 Hill Drive,    Los Angeles, CA 90041-1411
pla              Peter Emanuel Kvassay,    Troy A. Stewart, Esq.,    313 E Broadway, P.O. Box 390,
                  Glendale, CA   91209-0390
dft             +Robert Victor Kvassay,    1554 Hill Drive,    Los Angeles, CA 90041-1411

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 18, 2017                                       Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 16, 2017 at the address(es) listed below:
              Troy   Stewart    on behalf of Plaintiff Peter Emanuel Kvassay stewart1985@lawnet.ucla.edu
              United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
                                                                                             TOTAL: 2

TROY A. STEWART, SBN 135764
P.O. Box 390
Glendale, California 91209-0390
Telephone: (626) 616-9474
Email: stewart1985@lawnet.ucla.edu

Attorney for Debtor and Plaintiff
PETER EMANUEL KVASSAY

**FILED & ENTERED**

**AUG 16 2017**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY llewis    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>PETER EMANUEL KVASSAY,<br><br>　　　　　　Debtor.<br><br>─────────────────────────<br><br>PETER EMANUEL KVASSAY,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT V. KVASSAY, TRUSTEE OF THE KVASSAY FAMILY TRUST DATED FEBRUARY 26, 1993; ROBERT V. KVASSAY, an individual;<br><br>　　　　　　Defendant.<br>───────────────────────── | Case No. 2:12-bk-40267-DS<br><br>Chapter 7<br><br>Adversary No. 2:16-ap-01499-DS<br><br>ORDER GRANTING PLAINTIFF PETER E. KVASSAY'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Hearing Date: July 11, 2017 |

　　　Plaintiff Peter E. Kvassay's "Motion For Summary Judgment" (the "Motion," Docket No. 24), came on for hearing on regular notice on July 11, 2017 in the United States Bankruptcy Court for the Central District of California, at 2:00 p.m., Courtroom 1639, the Honorable Deborah J. Saltzman

- 1 -

presiding. Plaintiff was represented by his counsel, Troy A. Stewart. Defendants Robert V. Kvassay, individually ("Robert"), and as Trustee of the Kvassay Family Trust ("Trustee"), were represented by their counsel, Matthew C. Brown.

The Motion sought a determination as to the dischargeability of:

(1)     a judgment of $212,500 and claim of $187,200 arising from a contract executed by plaintiff and Robert on January 12, 2007 referred to by the parties as the "Working Plan" (the 'Working Plan Claims');"

(2)     a $192,660 joint and several judgment against the Plaintiffs dated December 12, 2012 arising from a debt incurred by plaintiff beginning October, 2010 (the "$192,660 judgment");

(3)     a judgment for attorney's fees and costs of $116,805.37 (the "Attorney's Fees' Claim"); and

(4)     a judgment for loan payments of $284,114.45 paid by Trustee beginning July 1, 2010 which Trustee is seeking to "surcharge" against plaintiff's beneficial interest in the Trust (the "Loan Payments' Claim").

The court considered the Motion, including Plaintiff's statement of uncontroverted facts and conclusions of law, and declaration, and defendants' timely-filed opposition to the motion, and heard the oral argument of counsel. For the reasons stated on the record at the hearing, the court finds and rules as follows:

(1)     there is no triable issue of fact as to whether the Working Plan Claims arose before Plaintiff filed his bankruptcy petition on September 5, 2012, that the Working Plan Claims sought to impose a personal liability against the Plaintiff, and therefore the Working Plan Claims, including the $212,500 judgment, are discharged debts under 11 U.S.C. § 727(b) and the $212,500 judgment, obtained post-discharge, is a void judgment under 11 U.S.C. § 524(a)(1);

(2)     there is no triable issue of fact as to whether the claim underlying the $192,600 Judgment arose before the Plaintiff filed his bankruptcy petition on September 5, 2012, and that the $192,660 Judgment was due to the Plaintiff's personal liability against plaintiff and therefore the $192,660 Judgment is a discharged debt under § 727(b) and a void judgment under § 524(a)(1);

(3)    there is no triable issue of fact as to whether the Attorney's Fees' Claim arose before Plaintiff filed his bankruptcy petition on September 5, 2012, and seeks to impose a personal liability against plaintiff and therefore the Attorney's Fees' Claim is a discharged debt under § 727(b); and

(4)    there is no triable issue of fact as to whether the Loan Payments' Claim arose before Plaintiff filed his bankruptcy petition on September 5, 2012, and seeks to impose a personal liability against plaintiff and therefore the loan payments' claim is a discharged debt under § 727(b).

**THEREFORE, IT IS ORDERED** that:

**1.**    The Working Plan Claims, including the $212,500 judgment, are discharged debts under § 727(b) and the $212,500 judgment is a void judgment under § 524(a)(1);

**2.**    The $192,660 Judgment is a discharged debt under § 727(b) and a void judgment under § 524(a)(1);

**3.**    The Attorney's Fees' Claim is a discharged debt under § 727(b); and

**4.**    The Loan Payments' Claim is a discharged debt under § 727(b).

###

Date: August 16, 2017

Deborah J. Saltzman
United States Bankruptcy Judge

- 3 -